UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
: 
In re: : Chapter 11
: 
CROSS MEDIA MARKETING : Case No. 03-13901 (BRL)
CORPORATION, *et al.* :
: (Jointly Administered)
Debtors. :
---------------------------------------------------------x
JOSEPH MYERS, Unsecured Trust :
Administrator of CROSS MEDIA :
MARKETING CORPORATION, *et al.*, :
:
Plaintiff, : Adv. Pro. No. 05-02216
v. :
:
ANTHONY R. PIRONTI, RANDALL GOUSE, :
RONALD ALTBACH, RICHARD KAUFMAN, :
RICHARD COHEN, WILLIAM R. :
MORRISSEY, CHET BORGIDA, ANDREW :
NELSON, RICHARD LEVINSON, THE HYAID :
GROUP, INC., a/k/a H.Y. APPLIED INTER- :
DATA SERVICES, INC., NATIONAL :
CONSUMER MARKETING, LLC, and JOHN :
DOES 1-10, :
:
Defendants. :
:
---------------------------------------------------------x

## STIPULATION AND ORDER

This Stipulation and Order is entered into by and between Joseph Myers, the Unsecured

Trust Administrator (the "Trust Administrator") of Cross Media Marketing Corporation and

Media Outsourcing, Inc. (collectively, the "Debtors"), and Randall Gouse ("Gouse").[1]

---

[1] This Stipulation applies solely to Randall Gouse and shall have no force or effect upon any other defendant(s) in this action.
NYC/242578.2

## RECITALS

**WHEREAS,** on June 16, 2003 (the "Filing Date"), the Debtors each filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, on July 8, 2003, Gouse filed the pre-petition unsecured proof of claim No. 98, in the amount of $738,095.00 (the "Claim"); and

**WHEREAS**, on May 24, 2004, the Bankruptcy Court signed the Order Confirming the Debtor's Third Amended Plan of Distribution (the "Plan") and the Court appointed the Debtors' Trust Administrator pursuant to provisions of the Plan; and

**WHEREAS,** pursuant to Section 5.14(c) of the Plan, the Trust Administrator was granted all necessary authority and standing to prosecute, among other things, any and all causes of action, suits or claims of the Debtors and the Debtors' affiliates arising under any theory of law or equity; and

**WHEREAS**, on January 24, 2005, the Trust Administrator objected to the Claim in the First Omnibus Objection pursuant to section 502(d) of the Bankruptcy Code; and

**WHEREAS**, on June 16, 2005, the Trust Administrator commenced an adversary proceeding (the "Adversary Proceeding") against Gouse, among others, based on numerous causes of action; and

**WHEREAS,** in view of the risks and costs associated with litigation, the parties hereto now wish to resolve the Adversary Proceeding as against Gouse upon the following terms and conditions.

**NOW, THEREFORE**, in consideration of the foregoing and the mutual covenants contained herein, it is hereby Stipulated, Agreed, Ordered and Adjudged:

1. The Trust Administrator's First Omnibus Objection relating to the Claim is hereby granted and the Claim is hereby expunged and disallowed in full.

2. Gouse hereby withdraws, releases and waives with prejudice any rights, claims, actions, causes of action and demands of every kind and nature, in law, equity, or otherwise, known or unknown, disclosed or undisclosed, suspected or unsuspected against the Debtors and the Trust Administrator, their assigns, administrators and successors in interest relating to the Debtors' bankruptcy cases, and Gouse further agrees that (i) he shall not file any proofs of claim from and after the date hereof and (ii) he waives any and all proofs of claim or scheduled claims filed to date. Any such claim filed shall be deemed a nullity.

3. The Trust Administrator, on behalf of himself in his capacity as Trust Administrator, as well as on behalf of the Debtors and their estates, hereby withdraws, releases and waives with prejudice the Adversary Proceeding as against Gouse and any and all other rights, claims, actions, causes of action and demands of every kind and nature, in law, equity, or otherwise, known or unknown, disclosed or undisclosed, suspected or unsuspected against Gouse, his agents, attorneys, representatives, successors and assigns.

4. The Court shall retain jurisdiction over the terms and conditions of this Stipulation.

5. The Stipulation and Order cannot be amended, modified or superseded except upon written consent of the parties hereto.

6. This Stipulation and Order may be signed in counterparts, with each part being deemed a part of the original document.

7. This Stipulation and Order may be signed by facsimile transmission which signatures shall be treated as original signatures.

8. This Stipulation and Order and all the covenants and agreements herein contained shall be and hereby are binding upon and shall inure to the benefit of the parties hereto and their

respective heirs, executors, administrators, legal representatives, successors and assigns except as

expressly set forth herein.

Dated: New York, New York
      May 2, 2006

**STIPULATED AND AGREED:**

| | | | |
|---|---|---|---|
| By: | _/s/ Michael S. Cryan_ | By: | _/s/s Michele Jaspan_ |
| | Andrew I. Silfen (AS-1264) | | Michael Moskowitz, Esq. |
| | Schuyler G. Carroll (SC-1234) | | Michele Jaspan, Esq. (MJ-1737) |
| | Michael S. Cryan (MC-4887) | | Weltman & Moskowitz, LLP |
| | | | 270 Madison Avenue, Suite 1400 |
| | Arent Fox PLLC | | New York, New York 10016-0603 |
| | 1675 Broadway | | |
| | New York, NY 10019 | | |
| | 212-484-3900 | | |
| | | | Attorneys for Defendant, Randall Gouse |
| | Attorneys for Joseph Myers, | | |
| | Unsecured Trust Administrator of | | |
| | Cross Media Marketing Corporation, | | |
| | et al. | | |

**SO ORDERED:**                                   **DATED:** New York, New York
                                                              May 11, 2006

/s/Burton R. Lifland_____
UNITED STATES BANKRUPTCY JUDGE

-4-

NYC/242578.2